FILED
2016 Mar-08 AM 10:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARSHALL W. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:15-cv-02282-LSC |
| ) | |
| DOCTOR, GOVERNOR ) | |
| ROBERT BENTLEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### Memorandum of Opinion

Plaintiff Marshall W. Gordon ("Gordon") filed this action against Governor Robert Bentley ("Governor Bentley") and Former Director of the Federal Bureau of Investigation ("FBI") Robert S. Mueller ("Director Mueller"), contending that Governor Bentley violated his civil rights and "must be reported to" Director Mueller. (Doc. 1-1 at Page 5.) Before the Court is Director Mueller's motion to dismiss (Doc. 5.) and Gordon's motion to deny Director Mueller's motion to dismiss. (Doc. 9.) For the reasons stated below, Director Mueller's motion to dismiss (Doc. 5) is due to be granted and Gordon's motion to deny (Doc. 9) is due to be denied.

I. **BACKGROUND**[1]

Gordon filed this action in Alabama state court alleging that Governor Bentley, along with certain Alabama state court judges and Tuscaloosa city police officers, "must be reported" to Director Mueller, as the director of the FBI, for their violations of Gordon's civil rights. Gordon alleges that Governor Bentley, along with those Alabama judges and police officers, arrested and prosecuted Gordon for state law violations in an effort to prevent Gordon from presenting evidence regarding former Governor of Alabama Don Siegelman. Gordon's complaint indicates that Director Mueller has been made a defendant to this action either for the FBI's failure to investigate Governor Bentley's actions against Gordon or to notify Director Mueller of Governor Bentley's violations of Gordon's civil rights.

Gordon requests the following relief in this action: (1) an entry of default judgment to be entered against Alabama state officials and Tuscaloosa city officials in the amount of eighty-six million dollars, (2) that the Court pardon former Governor Don Siegelman, and (3) that the Court "have charges brought from the lower house to the upper house against defendants accused by plaintiff." (Doc. 1-1

---

[1] In ruling on Director Mueller's motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), this Court must accept all facts in Gordon's complaint as true and construe them in his favor. *Baloco ex rel. Tapia v. Drummond Co., Inc.*, 640 F.3d 1338 (11th Cir. 2011) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010)) (standard for 12(b)(6)); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (standard for 12(b)(1)).

at Page 10.) Director Mueller removed Gordon's action to this Court, basing removal on § 1442, and filed the instant motion to dismiss.

## II. STANDARD OF REVIEW

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). The Court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the complaint for failure to state a claim. Generally, a pleading stating a claim for relief must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that offers "naked assertions" of law may provide a legal framework to the pleading; however, without facts to support that framework, the complaint will not meet Fed. R. Civ. P. 8(a)(2)'s standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a complaint must be supported by sufficient factual allegations such that "they

plausibly give rise to an entitlement to relief." *Id.* Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Iqbal* provides a two-step test to determine whether a complaint meets the pleading standards under Fed. R. Civ. P. 8(a)(2). *Id.* at 679. A Court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Next, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Although specific detail of facts is not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and generally, "a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)).

## III. Discussion

Director Mueller contends that this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity. Gordon is suing Director Mueller in his official capacity, which "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). And "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). An individual defendant being sued in his official capacity may raise the immunities available to the governmental entity he represents. *See, e.g.*, *Hafer*, 502 U.S. at 25 ("[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.").

Here, Director Mueller is being sued in his official capacity as the Director of the FBI. Thus, he is entitled to sovereign immunity absent a waiver. Gordon does not cite any federal statute or caselaw upon which he brings his claims against Mueller. From what the Court can gather, to the extent Gordon's complaint states a claim, it is one brought under the Federal Tort Claims Act ("FTCA"). The FTCA "gives federal district courts exclusive jurisdiction over claims against the

United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013) (quoting 28 U.S.C. § 1346(b)(1)). Further, "[t]hrough the enactment of the FTCA, the federal government has . . . waived its immunity from tort suits." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). Thus, Director Mueller is not entitled to sovereign immunity in this action.

However, Gordon's claim against Director Mueller is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Gordon's complaint does not allege that Director Mueller or any agent of the FBI has caused him a legally cognizable injury. Instead, Gordon's complaint indicates that Governor Bentley and other state judges and police officers "must be reported to" Director Mueller and requests an entry of default judgment in the amount of eighty-six million dollars. Because he fails to allege any injury caused by Director Mueller or the FBI, Gordon's complaint fails to state a claim against Director Mueller for which relief can be granted. Because Director Mueller's motion to dismiss is due to be granted, Gordon's motion to deny Director Mueller's motion is due to be denied.

## IV. Conclusion

For the reasons stated above, Director Mueller's motion to dismiss (Doc. 5) is due to be GRANTED and Gordon's motion to deny (Doc. 9) is due to be DENIED. A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON MARCH 8, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182184