FILED
2016 Aug-17 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARSHALL W. GORDON, | ) |
| Plaintiff, | ) |
| vs. | ) 7:15-cv-02282-LSC |
| DOCTOR, GOVERNOR ROBERT BENTLEY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

Plaintiff Marshall W. Gordon ("Gordon") filed this action against Governor Robert Bentley ("Governor Bentley") and former Director of the Federal Bureau of Investigation ("FBI") Robert S. Mueller ("Director Mueller"), alleging violations of his civil rights. Before this Court are Governor Bentley's motion to dismiss (Doc. 21) and Gordon's motion to deny Governor Bentley's motion to dismiss (Doc. 24). For the reasons stated below, Governor Bentley's motion to dismiss (Doc. 21) is due to be granted, and Gordon's motion to deny (Doc. 24) is due to be denied.

I.  **BACKGROUND**

Gordon first filed this action in Alabama state court in December 2013, claiming that Governor Bentley, "in partnership with" former Alabama governor Bob Riley, certain Alabama state court judges, and certain Tuscaloosa city police officers, violated his civil rights and thus "must be reported" to Director Mueller. Specifically, Gordon alleged that Governor Bentley and his "partners" arrested and prosecuted Gordon for violations of various state laws in a concerted effort to prevent Gordon from presenting evidence regarding former Alabama governor Don Siegelman.

Director Mueller removed the case to this Court in December 2015 and was dismissed as a defendant in March 2016 (Doc. 11). Following the dismissal of Director Mueller, Gordon sought an entry of default judgment against Governor Bentley and other Alabama state officials in the amount of $86 million. (Doc. 17.) This Court denied Gordon's motion because, to the extent this Court was aware,[1] Governor Bentley had not been served in the action, and ordered Gordon to execute proper service on Governor Bentley within forty-five days. (Doc. 13.) Following service, Gordon filed an amended complaint (Doc. 20) alleging facts similar to those in the original complaint and seeking $86 million from Governor

---

[1] Governor Bentley stated in his brief to the instant motion to dismiss that he had been dismissed from the action in state court prior to removal. However, this Court received only the initial complaint as the record of the state court proceeding upon Director Mueller's removal of the action and has received no other portions of the state court proceeding to date from the parties.

Bentley and the City of Tuscaloosa. Governor Bentley then filed the instant motion to dismiss, challenging Gordon's amended complaint on the basis of sovereign immunity and, alternatively, that the complaint fails to state a claim upon which relief can be granted. (Doc. 21.)

## II.  STANDARD OF REVIEW

The issue of whether a defendant is entitled to Eleventh Amendment immunity is a threshold question of jurisdiction. *Black v. Wigington*, 811 F.3d 1259, 1270 (11th Cir. 2016). If the defendant's challenge to jurisdiction is based solely on allegations made in the plaintiff's complaint (i.e., a "facial" challenge), this Court reviews the motion to dismiss under a Federal Rule of Civil Procedure 12(b)(6) standard. *Douglas v. United States*, 814 F.3d 1268, 1274 (11th Cir. 2016) (citing *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). When addressing a "facial" challenge, this Court must accept the factual contentions in the complaint as true and cannot consider extrinsic evidence. *Carmichael*, 572 F.3d at 1279 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). By contrast, if the defendant challenges jurisdiction based on facts not available in the complaint (i.e., a "factual" challenge), this Court may consider additional evidence and must provide the plaintiff with "an opportunity for discovery and for a hearing" on the jurisdictional issues. *Douglas*, 814 F.3d at

1274–75 (quoting *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).

Governor Bentley raises a "facial" challenge to jurisdiction, alleging that because he was sued in his official capacity as Governor of the State of Alabama, he is entitled to sovereign immunity in this action. It is clear from Gordon's amended complaint (Doc. 20) that he sues Governor Bentley in his official capacity. Therefore, this Court determines Governor Bentley's entitlement to Eleventh Amendment immunity by accepting the facts in the amended complaint as true and without considering additional evidence.

### III. Discussion

"[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief . . . ." *Summit Medical Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)). If a defendant sued in his official capacity is shielded by sovereign immunity, this Court lacks subject matter jurisdiction over the action against the defendant. *See Black*, 811 F.3d at 1270.

As referenced above, Gordon has sued Governor Bentley in his official capacity as Governor of the State of Alabama. The sole relief Gordon requests in

his amended complaint is "an attachment" in the amount of $86 million to be issued against Governor Bentley, to be paid from the City of Tuscaloosa's "public finances." (Doc. 20.) Gordon's suit against Governor Bentley is barred by the Eleventh Amendment. Governor Bentley's motion to dismiss is due to be granted, and Gordon's motion to deny Governor Bentley's motion to dismiss is due to be denied.

## IV. Conclusion

For the reasons stated above, Governor Bentley's motion to dismiss (Doc. 21) is due to be GRANTED, and Gordon's motion to deny (Doc. 24) is due to be DENIED. A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON AUGUST 17, 2016.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

186289